■ J. PHILLIPS TUDOR REALTY, INC., Respondent, v JAMES M. WEILAND et al., Appellants.—In an action, *inter alia*, for a permanent injunction arising out of the alleged violation of a covenant not to compete, the appeal is from an order of the Supreme Court, Queens County, dated November 23, 1977,

which, upon condition that plaintiff file an undertaking in the amount of $1,500, granted its motion for a preliminary injunction precluding the defendants, their representatives, agents, servants and employees, from practicing as real estate brokers or salespersons within a radius of one mile from plaintiff's offices located at 79-20 Eliot Avenue, Middle Village, New York, pending the determination of the underlying lawsuit. Order reversed, with $50 costs and disbursements, motion denied, and case remanded to the Supreme Court, Queens County, for an immediate trial of the issues. In granting the preliminary injunction, Special Term improperly accorded plaintiff-respondent the full relief to which it would be entitled were it to prevail on the merits. In addition, it should be noted that the specific agreements allegedly signed by defendants-appellants were never in evidence before Special Term, plaintiff alleging that the aforesaid agreements had inexplicably disappeared from its files. As for the sufficiency of the alleged "copy" supplied to Special Term, the printed form contract (1) did not purport to be signed by either defendant, (2) made reference to an office of plaintiff's not in existence at the time defendants supposedly signed the agreements and (3) was ambiguous on its face, in that it provided, in haec verba, that: "At the termination of his employment for any reason whatever the Employee will not become engaged in, nor in any manner whatsoever become interested, directly or indirectly, as either Employee, owner, partner, agent, director or officer of a corporation, in any business, trade or occupation similar to the one of the Employer herein, within a radius of one (1) mile for a term of one (1) year." (Emphasis supplied.) The agreement does not, however, indicate from which of plaintiff's four offices the radius of one mile shall be measured and, if from each of them, a serious question is raised as to the reasonableness of the restriction. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.